UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO HIGIDIO DE OLIVEIRA,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations; ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI L. NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:25-cv-13730-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

December 11, 2025

TALWANI, D.J.

Petitioner Fernando Higidio De Oliveira is a Brazilian citizen who has resided in Massachusetts since July 2021. Pet. ¶¶ 13, 18 [Doc. No. 1]. Petitioner is presently detained by U.S. Immigration and Customs Enforcement ("ICE") at an ICE facility in Burlington, Massachusetts and anticipates that he will be transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶¶ 19–20. On December 6, 2025, Petitioner filed an Emergency Petition for Writ of Habeas Corpus [Doc. No. 1] with this court, in which he asserts that the U.S. Department of Homeland Security ("DHS") has retroactively, and impermissibly, "reclassif[ied] Petitioner as an 'arriving' applicant for admission" subject to mandatory detention

under 8 U.S.C. § 1225(b) and detained him without an individualized custody hearing (a "bond hearing") on that basis. Id. ¶¶ 2–3.

Petitioner allegedly entered the United States without inspection on or about July 15, 2021, near Tecate, California. See id. ¶ 13; Pet., Ex. 2, Notice to Appear 1 [Doc. No. 1-4]. On July 17, 2021, DHS agents arrested Petitioner "pursuant to a Form I-200 Warrant for Arrest of Alien" and placed him in custody. Pet. ¶ 14 [Doc. No. 1]; see Pet., Ex. 1, Warrant for Arrest of Alien [Doc. No. 1-3]. That day, DHS issued Petitioner a Notice to Appear before an immigration judge in Boston, Massachusetts "on a date to be set at a time to be [sic][,]" Pet., Ex. 2, Notice to Appear 1 [Doc. No. 1-4], and a Notice of Custody Determination releasing Petitioner from detention "pending a final administrative determination," Pet., Ex. 3, Notice of Custody Determination [Doc. No. 1-5]. The Notice to Appear designated Petitioner as "an alien present in the United States who has not been admitted or paroled." Pet., Ex. 2, Notice to Appear 1 [Doc. No. 1-4].

Petitioner was ultimately released from custody on July 17, 2021, on his own recognizance "in accordance with section 236 of the Immigration and Nationality Act." Pet., Ex. 4, Order of Release on Recognizance [Doc. No. 1-6]. Petitioner asserts, and Respondents do not contest, that it appears as though "the [Notice to Appear] was never filed with the Immigration Court." Pet. ¶ 18 [Doc. No. 1]. Since being released, Petitioner has resided in Massachusetts. Id.

On or about December 6, 2025, ICE agents detained Petitioner and took him into custody. Id. ¶ 19. To date, Petitioner has not been provided a bond hearing. Id. ¶¶ 27, 28.

As to Petitioner's claims, Respondents

> submit that the legal issues presented in this Petition are similar to those recently addressed by this court in Doe v. Moniz, No. 25-cv-12094-IT, . . . 2025 WL 2576819 (D. Mass. Sep. [sic] 5, 2025; Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D.

2

Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Resp. 1 [Doc. No. 7]. Respondents therefore acknowledge that, should the court follow the reasoning of these prior decisions, "it would reach the same result here." Id.

Where the court finds the reasoning in Doe remains correct, and where nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226, the Emergency Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than December 18, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

  IT IS SO ORDERED.

December 11, 2025              /s/ Indira Talwani
                           United States District Judge